[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO ENFORCE SETTLEMENT AGREEMENT
This case arises out a motor vehicle accident in which the plaintiff contends that he received injuries when, while a passenger in a co-defendant's parked vehicle, the co-defendant opened the door into the path of a United Parcel Service vehicle driven by the named defendant. Following a pretrial conference held before Hon. Patty Jenkins Pittman, the attorneys for the plaintiff and the defendants James Warner and United Parcel Service agreed to the $1500 settlement figure suggested by the court. The defendants' attorney obtained authority for that figure and offered it to the plaintiff's attorney who accepted it in the presence of his client.
The following day, the plaintiff indicated that he had misunderstood the agreement and would not accept it. At oral argument on the instant motion, the plaintiff's attorney stated that his client felt that the $1500 offer was either a partial payment toward an eventual settlement or a sort of "appearance fee" for showing up at the pretrial. The plaintiff himself did not testify, and the court finds the suggestion that the plaintiff did not understand the nature of the agreement to be without merit. With the exception of the latter contention, which was not supported by any evidence from the plaintiff himself, there was no dispute over the terms of the agreement, which were clear and unambiguous. See Audubon Parking Associates Limited Partnership v.Barclay and Stubbs, 225 Conn. 804, 811-812 (1993).
The plaintiff advances three arguments in support of his contention that the settlement agreement cannot be enforced. First, he argues, it was "not adopted by the court." He points, however, to absolutely no authority suggesting that in order to be enforceable as a settlement agreement, there must be some formal adoption by the court. In this CT Page 8861 case, the settlement agreement was suggested by the pretrial judge, was adopted by both attorneys, was recommended to their respective clients by the attorneys, was stated in unambiguous terms, and was accepted by the clients.
The plaintiff's second claim is that "there was a mis-communication between the plaintiff and his attorney regarding the proposed settlement; it was not plaintiff's intention to accept the proposal." No evidence, as has been previously indicated, was offered by the plaintiff on this point. To the contrary, it was apparent from oral argument that the plaintiff's counsel expressed quite clearly what the terms of the settlement agreement were to be. There is no dispute that the plaintiff's expressed intent at the time of the agreement was to accept its terms. A mere change of heart after an agreement has been reached is not sufficient to undo it.
Finally, the plaintiff argues that the defendants' claim is "in fact an allegation of a breach of contract and should be brought as a separate action." This claim is expressly put to rest by Audubon ParkingAssociates Limited Partnership, supra. "A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous." Id. at 811. The power to enforce such an agreement "summarily" certainly does not contemplate that a defendant should have to file an entirely new action in order to achieve that result.
For the above reasons, the motion to enforce the settlement agreement is granted, the objections thereto are overruled, and judgment will enter in favor of the plaintiff against the defendants James D. Warner, Jr. and United Parcel Service in the amount of $1500 without costs.
Jonathan E. Silbert, Judge